I concur in parts II. to V. of the Discussion in the majority opinion, but blaze a separate trail with respect to the analysis in part I. of the sufficiency of the evidence of assault. While the majority correctly states the pertinent principles, I disagree that they compel reversal (and dismissal (Burks v. United States (1978) 437 U.S. 1, 16 [57 L.Ed.2d 1,98 S.Ct. 2141]; cf. People v. Seel (2004) 34 Cal.4th 535, 541 [21 Cal.Rptr.3d 179, 100 P.3d 870])) of count three.
 "[T]he key to the court's analysis [in People v. Valdez (1985)175 Cal.App.3d 103 [220 Cal.Rptr. 538]] was whether the circumstances and events which prevented injury were within the defendant's control and whether the method and actions chosen by the defendant were otherwise capable of inflicting injury," concluding that it is preferable to treat the *Page 1212 element of present ability as a focus only on "the ability of the person attempting the unlawful injury and not to the external circumstances beyond his or her control which might prevent injury. . . ." (People v.Craig (1991) 227 Cal.App.3d 644, 648-649 [278 Cal.Rptr. 39]; seeid. at p. 649.) "The . . . court found [this] approach more . . . consistent with the body of authority addressing the issue of factual versus legal impossibility in attempt offenses. . . . In other words, if a third person prevents the assaultive blow from hitting its mark or the victim outmaneuvers the bullet with a timely duck, the defendant may be guilty of assault. On the other hand, if the defendant aims with a toy gun or attempts to poison with powdered sugar, there can [not] be [any] criminal assault." (Id. at pp. 649-650.) Rejecting an argument that a jury must find a defendant to be unaware of an obstacle to his aims,Craig stated, "Present ability does not mean certain success. Appellant [does not] cite[any] authority for the proposition that only assaultive behavior with a high probability of success is punishable." (Id. at p. 650.)
 The majority's analysis is mistaken in its instinctive assessment of the likelihood that the natural gas (or, more likely in a trailer, propane) could be ignited under the circumstances of this case. The majority concedes that had gasoline (or another combustible liquid) been involved, it would not have had any problem finding sufficient evidence of present ability because this is a determination within the everyday experience of the average juror. The majority, however, concludes that the case at bar is more akin to a determination whether the combination of certain chemicals can result in a conflagration, and therefore the jury needed expert guidance in order to have a reasonable basis for its implied finding of present ability. In this, I disagree.
 Popular culture (at least of a certain vintage) and personal experience are replete with the usually nonlethal consequence of leaving gas running in the oven before commencing a too-long search for matches, and then leaning in to ignite the burner. Leaky propane camp stoves and barbeque tanks have inflicted serious injuries from a spark traveling back to the source. Building codes require venting at floor level in garages out of concern for the known property of propane or other inflammable gases to sink to the floor (being heavier than air), and the apparent concern that ignitable quantities can accumulate even in a structure that is far from hermetically sealed.
 Jurors can bring this common knowledge of the dangers posed by natural gas or propane to the circumstances of this case, and conclude that even though the windows were open in this 10-foot by 54-foot trailer, the gas could have collected at bed level below the windows, where the victim was able to smell it while the defendant had her pinned down, and presented at least a possibility of a flame ball that could cause great bodily injury. To reiterate Craig's point, present ability does not mean certain success. I do not *Page 1213 think it takes an expert to establish that defendant had equipped himself with sufficient means to immediately accomplish his goals, even though it may have been unlikely under the circumstances. (People v.Valdez, supra, 175 Cal.App.3d at p. 112.) As a test of this proposition, I would ask who would stand in a kitchen where the gas has been running for a significant amount of time and unflinchingly light a match near the stove, even with the window open? Any hesitation expressed is the substantial evidence supporting the verdict here. *Page 1214